## Commonwealth v. Moore

Robert T. Fox, district attorney, and W. Harry Musser, assistant district attorney, for Commonwealth.

Thomas D. Caldwell and Carl B. Shelley, for defendant.

Fox, J., December 21, 1931.—We have before us a motion for a new trial based upon the following reasons:

"1. Because the verdict is against the evidence.

"2. Because the verdict is against the weight of the evidence.

"3. Because the honorable court erred in admitting certain testimony concerning the reputation of the house, No. 312 Mulberry Street, City of Harrisburg, County of Dauphin and State of Pennsylvania, without the proper foundation having been laid.

"4. Because the honorable court erred in admitting testimony concerning the reputation of the defendant without the proper foundation having been laid."

The defendant was indicted and convicted of violation of the Act of June 30, 1923, P. L. 982, which relates to the use of any place, structure or building, etc., for the purpose of prostitution or assignation, etc.

At the trial a number of witnesses were called by the Commonwealth to testify concerning the reputation of the house in which the defendant lived and also the reputation of the defendant.

After carefully reading the notes of testimony taken at the trial of the case, we are of opinion that the evidence relating to reputation was by the court improperly admitted over the objection of the defendant.

The Superior Court, in the case of Com. v. Newhart, 97 Pa. Superior Ct. 216, 219, has said:

"The proper question was: 'What is the general reputation of the defendant in the community with respect to the house?'"

In the case of Com. v. Brink, 49 Pa. Superior Ct. 620, 622, the court said:

"These witnesses testified, preliminarily, that they were residents of the borough and were familiar or were acquainted with the general speech of the people of that community and most of them testified to facts and circumstances which tended to corroborate that statement. We are of opinion that the court committed no error in holding that sufficient ground was laid for permitting them to testify, as they did, that from the general speech of the people in the Borough of Dunmore the reputation of certain women, who were shown to have been inmates or frequenters of the house, for morality and chastity was bad, and that the reputation of the house in that regard was bad."

The evidence of Corporal Simons we think was inadmissible; it is as follows:

"Q. As a result of your investigation, will you state to this court and jury what the reputation of that place is? A. House of prostitution. Q. You base that on what, Chief? A. Investigation we made there. Q. At that place? A. Yes. Q. State whether or not you saw Norma Moore. A. I did. Q. You did."

The same may be said so far as it goes to the testimony of reputation of Officers Rupp, Reed, King and Irvin. The proper question, as laid down by the Superior Court, was not asked of any witness. Not a single one of these witnesses testified that their information as to reputation of the house was derived from persons who lived in the community in which the house is situate. The same criticism is true of the evidence as to the reputation of the defendant.

Wherefore, we are of opinion that an error was committed in the admission of this testimony and the defendant is entitled to a new trial.

And now, December 21, 1931, upon due consideration, the motion for a new trial is allowed.                    From Homer L. Kreider, Harrisburg, Pa.